**Opinion filed June 7, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00151-CV

_____

**HEIRS OF BERNARDO DEL REAL TO WIT: CARMEN DEL REAL HERRERA; LYDIA DEL REAL SELVERA; ROSALINDA DEL REAL GUTIERREZ; REFUGIO DEL REAL; MANUEL DEL REAL JR.; AND JOHN DEL REAL ALL INDIVIDUALLY AND ON BEHALF OF BERNARDO DEL REAL, DECEASED, AND ON BEHALF OF THE ESTATE OF BERNARDO DEL REAL, Appellants**

**V.**

**ROBERT EASON, Appellee**

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 022205**

### O P I N I O N

Appellants alleged that they are heirs of Bernardo Del Real, deceased. They brought this action pursuant to 42 U.S.C. § 1983,[1] alleging that Del Real contracted a staph infection while a

_____

[1]State courts have concurrent jurisdiction with federal courts to adjudicate Section 1983 claims. *Haywood v. Drown*, 556 U.S. 729, 735 (2009); *Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 367 (1990).

prisoner at the Texas Department of Criminal Justice French Robertson Unit and that the infection ultimately caused Del Real's death. Appellee, Robert Eason, is the former senior warden of the French Robertson Unit. Appellants alleged that appellee had acted with deliberate indifference to Del Real's serious medical needs and safety. Appellee filed no-evidence and traditional motions for summary judgment. The trial court granted appellee's motions and entered a judgment that appellants take nothing by their suit against appellee. In this appeal, appellants contend that the trial court erred by granting summary judgment to appellee. We affirm.

*Proceedings in Trial Court*

In Cause Number 021958 in the trial court, appellants sued the State of Texas; the Texas Department of Criminal Justice (TDCJ); and appellee, in his individual and official capacities. Appellants alleged state law claims and federal claims against the defendants. Appellants' federal claims against appellee were based on his alleged deliberate indifference to Del Real's serious medical needs and safety.

TDCJ filed a motion to dismiss appellants' claims against appellee. In its motion, TDCJ asserted that appellants' claims against appellee should be dismissed under Section 101.106(e) of the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011). Appellee filed no-evidence and traditional motions for summary judgment relating to appellants' federal claims under Section 1983. Appellee asserted, among other things, that there was no evidence (1) that he had acted with deliberate indifference to Del Real's medical needs or (2) that he had been personally involved in any of the alleged deprivations of Del Real's rights or liberties under the U.S. Constitution. Appellants filed a response to TDCJ's motion to dismiss and appellee's motions for summary judgment.

The trial court held a hearing on the motion to dismiss and the motions for summary judgment. At the hearing, appellants agreed that their state law claims against appellee should be dismissed. Following the hearing, the trial court entered an order dismissing appellants' state law claims against appellee. The trial court also entered a judgment in which it granted appellee's no-evidence and traditional motions for summary judgment. The trial court concluded in the judgment "that there is no evidence that [appellee] violated the constitutional rights of the deceased." The trial court entered an order severing appellants' claims against appellee from the remainder of the claims in Cause Number 021958. Therefore, the trial court's judgment

2

disposing of appellants' claims against appellee became final and appealable. The severed cause was assigned Cause Number 022205.

In this appeal, appellants challenge the trial court's granting of summary judgment to appellee on their Section 1983 claims. They do not challenge the trial court's dismissal of their state law claims against appellee.

## *Issues on Appeal*

In two appellate issues, appellants contend that the trial court erred by granting summary judgment to appellee. In their first issue, appellants contend that appellee did not establish his affirmative defense of qualified immunity as a matter of law. In their second issue, appellants contend that a genuine issue of material fact exists as to whether appellee acted with deliberate indifference to Del Real's serious medical needs and safety.

## *Standard of Review*

We will first review the trial court's summary judgment under the no-evidence motion for summary judgment standards set forth in Rule 166a(i) of the Rules of Civil Procedure. TEX. R. CIV. P. 166a(i). When a no-evidence motion for summary judgment is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements of the claim. Rule 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). We review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002). We may not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

*Applicable Law*

Section 1983 creates a private right of action to vindicate violations of rights, privileges, and immunities secured by the Constitution and laws of the United States. *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). A prison official's deliberate indifference to a substantial risk of serious harm to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is an extremely high standard to meet. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To establish deliberate indifference, a prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health or safety. *Farmer*, 511 U.S. at 837. The prisoner must show both that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official actually drew the inference. *Id.*

Additionally, a Section 1983 claim cannot be premised on a respondeat superior theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, supervisors, such as prison wardens, are not liable for subordinates' actions on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). A supervisor may be held liable under Section 1983 if (1) he is personally involved in the constitutional deprivation, (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional deprivation, or (3) he implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins*, 828 F.2d at 304.

*Analysis*

Appellants alleged that appellee acted with deliberate indifference to Del Real's serious medical needs and safety. Once appellee filed his no-evidence motion for summary judgment, the burden shifted to appellants to present evidence raising an issue of material fact as to whether appellee acted with deliberate indifference to Del Real's serious medical needs or safety. *Tamez*, 206 S.W.3d at 582.

A review of the record shows that appellants did not present any competent summary judgment evidence in response to appellee's motions for summary judgment. Appellants filed "Plaintiff's Response to Warden Eason's Motion(s) for Summary Judgment(s) and Dismissal(s)." Appellants also filed a document that they entitled "Attachments and Exhibits for

4

Plaintiff's Response to Warden Eason's Motion(s) for Summary Judgment(s) and Dismissal(s)." In this document, appellants requested the trial court to take judicial notice of their "Attachments 1-13," their Second Amended Petition, and "the additional Exhibits attached hereto." "Attachments 1-13" were not attached to the "Attachments and Exhibits" document. Instead, "Attachments 1-13" were apparently attached to appellants' original petition. "Attachments 1-13" are not included in the appellate record. Appellants attached four exhibits to the "Attachments and Exhibits" document. Appellants did not present any summary judgment evidence authenticating or verifying their "Attachments 1-13" or exhibits.

Appellants did not file any affidavits in support of their response to appellee's motions for summary judgment. Appellants included a section entitled "Factual Excerpts" in their "Attachments and Exhibits" document. In their "Factual Excerpts," appellants cited some of their "Attachments 1-13" and exhibits. The "Factual Excerpts" were not supported by affidavit or other summary judgment proof.

Appellants' pleadings and unauthenticated documents did not constitute competent summary judgment evidence. Pleadings are not competent summary judgment evidence, even if sworn or verified. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Zeifman v. Nowlin*, 322 S.W.3d 804, 808 (Tex. App.—Austin 2010, no pet.). Unverified documents attached to pleadings are not proper summary judgment evidence. *Rath v. State*, 788 S.W.2d 48, 50 (Tex. App.—Corpus Christi 1990, writ denied). Documents submitted as summary judgment proof must be sworn to or certified. TEX. R. CIV. P. 166a(f); *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, writ denied). Thus, unauthenticated or unsworn documents do not constitute competent summary judgment evidence. *Kleven v. Tex. Dep't of Criminal Justice–I.D.*, 69 S.W.3d 341, 345 (Tex. App.—Texarkana 2002, no pet.); *Lopa, Inc.*, 956 S.W.2d at 87.

Appellants did not present any summary judgment evidence raising a genuine issue of material fact as to whether appellee acted with deliberate indifference to Del Real's serious medical needs or safety. Therefore, appellants did not meet their summary judgment burden under Rule 166a(i). *Ridgway*, 135 S.W.3d at 600. We note that appellants' "Factual Excerpts" and the exhibits to their "Attachments and Exhibits" document do not make any references to appellee or his conduct. Thus, even assuming that the "Factual Excerpts" and exhibits were

competent summary judgment evidence, appellants failed to raise a fact issue on whether appellee acted with deliberate indifference to Del Real's serious medical needs or safety.

Because appellants did not meet their burden under Rule 166a(i), the trial court did not err in granting summary judgment in favor of appellee, and we need not consider whether appellee satisfied his burden for obtaining a traditional summary judgment under TEX. R. CIV. P. 166a(c) on his qualified immunity defense. Appellants' issues on appeal are overruled.

*This Court's Ruling*

The trial court's judgment is affirmed.


TERRY McCALL

JUSTICE


June 7, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.