

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00077-CV

WILLIAM L. REECE,

                                                        Appellant

 v.

LORNE JOHNSON, ET AL,

                                                        Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 25,763

## MEMORANDUM  OPINION

Appellant William L. Reece, a state-prison inmate in the Ellis Unit, originally sued Lorne Johnson and Rachel Montgomery, former or current correctional officers with the Texas Department of Criminal Justice (TDCJ), alleging a claim under the Texas Theft Liability Act pertaining to the alleged destruction and taking of Reece's personal property.  He sought monetary and declaratory relief.  Reece then filed an amended petition and added Joyce Guerra, a TDCJ unit grievance investigator, as a defendant and asserted constitutional violations against Guerra and sought injunctive relief and

exemplary damages.

Reece filed suit as an indigent, which triggered Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2002 and Supp. 2012). Montgomery filed a motion to dismiss, asserting that Reece's claims were frivolous, but the trial court on its own dismissed as frivolous all of Reece's claims with prejudice. *See id.* § 14.003 (West 2002). Guerra was served a week after dismissal, and it appears that Johnson was not served before dismissal because he no longer was employed by TDCJ. Asserting six issues, Reece appeals.

Reece's first issue complains about the trial court's dismissal of all of his claims as frivolous.

> A trial court may dismiss a claim as frivolous under chapter 14 if "the claim has no arguable basis in law or in fact." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (Vernon 2002); *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Hamilton*, 298 S.W.3d at 339. When, as here, there has been no fact hearing, our review is limited to the question of whether the claim has an arguable basis in law. *Id.*; *Brewer*, 268 S.W.3d at 770. We may affirm the dismissal if it was proper under any applicable legal theory. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). If the claim has no arguable basis in law, then dismissal with prejudice is proper. *Hamilton*, 298 S.W.3d at 340.

*Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.).

> The issue of whether there was an arguable basis in law is a legal question that we review de novo. *Id.*; *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

> To determine whether the trial court properly decided there was no arguable basis in law for [plaintiff's] suit, we examine the types of relief and causes of action that [plaintiff] pled in his petition to determine whether, as a matter of law, the petition stated a cause of action that

would authorize relief. *Johns,* 2005 WL 428465, at *1; *Spurlock,* 88 S.W.3d at 736. We review and evaluate pro se pleadings by standards less stringent than those applied to formal pleadings drafted by lawyers. *Spurlock,* 88 S.W.3d at 736 (citing *Thomas v. Collins,* 860 S.W.2d 500, 503 (Tex. App.—Houston [1st Dist.] 1993, writ denied)). Also, in reviewing the dismissal of [plaintiff's] suit, we are bound to take as true the allegations in his petition. *Jackson v. Tex. Dep't Crim. Justice-Inst. Div.,* 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied).

*Brewer v. Simental,* 268 S.W.3d 763, 770 (Tex. App.—Waco 2008, no pet.).

## Section 1983

We begin with Reece's claim against Guerra. Reece's amended petition complains about Guerra's handling of several of his grievances made in the inmate grievance system, including her handling of his grievances against her. Asserting a section 1983 claim, Reece pleaded that Guerra denied him adequate redress by grievance in violation of article I, section 27 of the Texas Constitution and section 501.008 of the Government Code and sought a cease-and-desist injunction and exemplary damages.

"Section 1983 creates a private right of action to vindicate violations of rights, privileges, and immunities secured by the Constitution and laws *of the United States.*" *Heirs of Del Real v. Eason,* 374 S.W.3d 483, 486 (Tex. App.—Eastland 2012, no pet.) (emphasis added) (citing *Rehberg v. Paulk,* ___ U.S. ___, ___, 132 S.Ct. 1497, 1501 (2012)); *see Pechacek,* 319 S.W.3d at 811 (section 1983 creates private right of action for violations of individual's *federally* guaranteed rights); *Retzlaff v. Tex. Dep't Crim. Just.,* 135 S.W.3d 731, 744 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (second prong for determining section 1983 applicability is whether conduct deprived person of rights, privileges or

immunities secured *by United States Constitution or laws of United States*). Reece's section 1983 claim for alleged violations of his state constitutional rights under article I, section 27 and his rights under section 501.008 has no arguable basis in law. The trial court did not err in dismissing Reece's claim against Guerra as frivolous, and we overrule issue one in part.

**Theft Liability Act**

For his Texas Theft Liability Act (TLA) claim[1] against Johnson and Montgomery, Reece alleged that during a unit shakedown, Johnson and Montgomery searched his personal property. During the search, Johnson allegedly destroyed food items that Reece had purchased in the commissary. Reece complained to a sergeant, and thereafter Johnson allegedly confiscated from Reece a ream (500 sheets) of typing paper and ten stamps. Reece alleged that the confiscated paper and stamps were not taken to the property room and logged in, and grievance records filed by the Appellees support that allegation. Reece alleged that he was offered thirty-five to fifty sheets of paper and ten stamped envelopes in settlement, but he rejected the offer because it was not commensurate with his loss and it made no offer for his destroyed food. The grievance records filed by the Appellees also support those allegations.

Reece sued Johnson and Montgomery in their official and individual capacities under the TLA (TEX. CIV. PRAC. & REM. CODE ANN. ch. 134 (West 2011)), and he pleaded

---

[1] In his brief, Reece asserts that he also alleged conversion and wrongful-taking claims (article 1, section 17 of Texas Constitution), but he did not. His amended petition explicitly sets out two claims. The second claim is his constitutional claim against Guerra, addressed above. The first claim alleges that the conduct of Johnson and Montgomery "amounted to theft and/or conversion and/or wrongful taking, and properly presents a claim on which relief can be granted under the Texas Theft Liability Act."

for additional damages of $1,000 under subsection 134.005(a)(1). *See id.* § 134.005(a)(1).

"A person who commits theft is civilly liable under the Act 'for the damages resulting from the theft.'" *Beaumont v. Basham*, 205 S.W.3d 608, 618 (Tex. App.—Waco 2006, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 134.003(a)). A person commits the offense of theft if "he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2012).

> For all TLA claims, the plaintiff must establish: (1) the plaintiff had a possessory right to property … ; (2) the defendant unlawfully appropriated property … in violation of certain sections of the Penal Code; and (3) the plaintiff sustained damages as a result of the theft. TEX. CIV. PRAC. & REM. CODE §§ 134.002(2), 134.003, 134.005(a); TEX. PENAL CODE §§ 31.03(a), 31.05. Deprive means, among other things, "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." TEX. PENAL CODE § 31.01[(2)(A)]. "Appropriation of property is unlawful if it is without the owner's effective consent." *Id.* § 31.01(2).

*Wellogix, Inc. v. Accenture, LLP,* 788 F.Supp.2d 523, 542-43 (S.D. Tex. 2011).

We first address Reece's TLA claim against Montgomery. In his amended petition, Reece alleged that Johnson and Montgomery both conducted a search of Reece's personal property during the shakedown. During the search, "Defendant Johnson destroyed food items Reece has purchased in the unit commissary. … When Defendant Johnson destroyed Reece's food items, Defendant Montgomery stated she 'wanted no part of this.'" Reece asked a Sergeant Watkins to speak to Johnson about his destruction of Reece's food items, and after Sergeant Watkins spoke to Johnson about it, Johnson then confiscated Reece's ream of typing paper and stamps.

The Appellees' brief asserts that Reece's own pleading establishes that his TLA

claim against Montgomery lacks an arguable basis in law. We agree; Reece pleaded that Montgomery "wanted no part of" Johnson's alleged conduct. Reece argues that Montgomery's participation in the search of his property and her presence when Johnson allegedly destroyed Reece's food items and confiscated his paper and stamps makes her a party to Johnson's alleged theft. Montgomery's alleged participation in the search of Reece's property during the shakedown was not an unlawful appropriation of Reece's property (nor does Reece allege that Montgomery did anything wrongful in her search), and her mere presence does not make her a party to a criminal offense. *See Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012). Moreover, Reece's pleading that Montgomery "wanted no part of" Johnson's alleged conduct is an admission that she was not a party to Johnson's alleged theft. For these reasons, Reece's TLA claim against Montgomery lacks an arguable basis in law. The trial court did not err in dismissing Reece's TLA claim against Montgomery as frivolous, and we overrule issue one in part.

We next address Reece's TLA claim against Johnson in his official and individual capacities.[2] The Appellees' brief asserts that Reece's TLA claim against Johnson in his official and individual capacities lacks an arguable basis in law because under *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011), Civil Practice and Remedies Code subsection 101.106(f) bars all tort claims against an individual government employee based on

---

[2] The Appellees' brief notes that the Attorney General is not representing Johnson (who was not served) in this case but argues that we should affirm the trial court's judgment as to Johnson.

conduct within the general scope of the employee's employment.[3]  We disagree.

The supreme court's construction of subsection 101.106(f)[4] in *Franka* entitles a government-employee defendant to dismissal upon a showing that the plaintiff's suit is (1) based on conduct within the general scope of that employee's employment, and (2) "suit could have been brought under the [Tort Claims] Act—that is, [plaintiff's] claim is in tort and not under another statute that independently waives immunity."  *Id.* at 381; *see Redburn,* 2013 WL 2149699, at *6; *Anderson v. Bessman,* 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  "In such cases, the suit 'is considered to be against the employee in the employee's official capacity only', … ."  *Franka,* 332 S.W.3d at 381.  "This construction of section 101.106(f) does, however, foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment."  *Id.*

---

[3] We question the application of subsection 101.106(f) in the context of an appeal from a trial court's *sua sponte* frivolousness dismissal under section 14.003, especially in the absence of a plea or motion by the employee seeking dismissal under subsection 101.106(f).  *Cf. Redburn v. Garrett,* No. 13-12-00215-CV, 2013 WL 2149699, at *2 (Tex. App.—Corpus Christi May 16, 2013, pet. filed) (mem. op. on reh'g) (addressing dismissal under subsection 101.106(f) based on plea to jurisdiction); *Mason v. Wood,* No. 09-12-00246-CV, 2013 WL 1088735, at *1 (Tex. App.—Beaumont Mar. 14, 2013, no pet. h.) (mem. op.) (addressing dismissal under subsection 101.106(f) based on motion to dismiss).  We nevertheless will address the *Franka* argument raised in the Appellees' brief because "'[s]ection 101.106 is an immunity statute.'"  *Redburn,* 2013 WL 2149699, at *5 (quoting *Newman v. Obersteller,* 960 S.W.2d 621, 623 (Tex. 1997)); *see, e.g., Simmonds v. TDCJ,* No. 10-07-00361-CV, 2010 WL 654498, at *4 (Tex. App.—Waco Feb. 24, 2010, no pet.) (mem. op.) (holding claim not arguable because no waiver of sovereign immunity).

[4] Subsection 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011).

*Franka* generally addressed negligence claims, *see id.*, and it cautioned about the complexity involved with a suit alleging an intentional tort against a government employee: "Whether an employee's intentional tort is within the scope of employment is a more complex issue. *See generally* RESTATEMENT (THIRD) OF AGENCY § 7.07 (2006)." *Id.* at 381 n.63.

The Appellees' brief asserts that Reece's TLA claim against Johnson is barred by *Franka* and subsection 101.106(f) because Reece pleaded that Johnson's conduct was committed in the general scope of Johnson's employment with TDCJ—that Johnson was a TDCJ correctional officer and was conducting a search of inmates' personal property for contraband during a shakedown. In his reply brief, Reece argues that Johnson's destruction of Reece's legitimately purchased food items and Johnson's confiscation of Reece's paper and stamps, which were not contraband, are not included in the scope of Johnson's employment.

The Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West Supp. 2012). Under section 7.07(2) of the Restatement (Third) of Agency, "[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." RESTATEMENT (THIRD) OF AGENCY § 7.07(2).

Johnson's search for contraband was within the general scope of his employment

and was a lawfully assigned task, but the alleged acts of destruction of Reece's food items and confiscation of Reece's paper and stamps without turning them in to the prison property room are allegations of acts occurring "within an independent course of conduct not intended by the employee to serve any purpose of the employer."[5] We thus conclude that Reece's allegations establish that Johnson's alleged theft was not within the general scope of his employment and that the trial court could not have dismissed Reece's TLA claim against Johnson under subsection 101.106(f). *See, e.g., Kelemen v. Elliott*, 260 S.W.3d 518, 524 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (police officer not entitled to dismissal under subsection 101.106(f) because no showing that officer was acting in scope of employment when he kissed fellow officer without consent while on duty); *cf. Redburn*, 2013 WL 2149699, at *6 ("although appellant's suit involves allegations of trespass, appellant did not allege any independent course of conduct not intended by Garrett and Short to serve any purpose of the City.[6] *See id.* [RESTATEMENT (THIRD) OF AGENCY § 7.07(2).] Rather, according to appellant's original

---

[5] The Appellees' brief does not address whether Johnson's alleged theft (property destruction and confiscation of property without turning it in to the prison property room) was a lawfully assigned task or was intended by Johnson to serve any purpose of TDCJ, but citing to the responses to Reece's initial grievance, it does argue that Reece's property was "properly and lawfully confiscated." This is an argument that Reece's claim lacks an arguable basis in fact, *see, e.g., Simmonds*, 2010 WL 654498, at *6-7, but in this appeal we are limited to reviewing only whether the claim has an arguable basis in law. *Brewer*, 268 S.W.3d at 770. Furthermore, the initial grievance responses are contradicted by a later grievance response that found that Reece's claim had merit: "Your claim that Officer Johnson confiscated a ream of legal typing paper and 10 stamps but it was not in property room when you went to claim it was investigated. Your claim has merit [*sic*] your property was not found in the property room … ."

[6] The Beaumont court's decision in *Mason* is partially distinguishable because of its facts; there, the inmate's property was confiscated and apparently destroyed after the inmate had signed a confiscation form requesting TDCJ to properly dispose of the property. *Mason*, 2013 WL 1088735, at *1. But to the extent *Mason* holds that a correctional officer's confiscation or destruction of an inmate's personal property during a shakedown is always within the officer's scope of employment and the officer is thus entitled to dismissal under subsection 101.106(f), *see id.*, 2013 WL 1088735, at *2-3, we disagree with *Mason* based on the allegations in this case and for the above reasons.

petition, Garrett and Short were carrying out the business of the City through the power and authority of their respective offices of employment with the City when they allegedly committed, attempted to commit, or threatened to commit a trespass injurious to appellant. There is no dispute that the alleged trespass involved conduct by Garrett and Short that was authorized by the City and done for the benefit of the City.").

We otherwise conclude that Reece's TLA claim against Johnson in Johnson's individual capacity has an arguable basis in law. *See Presiado v. Sheffield*, 230 S.W.3d 272, 275 (Tex. App.—Beaumont 2007, no pet.); *Minix v. Gonzales,* 162 S.W.3d 635, 639 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Reece's allegation that Johnson destroyed his food items is an arguable claim that Johnson committed theft and is liable under the TLA in his individual capacity. *See* TEX. PENAL CODE ANN. §§ 31.01(2)(A), 31.03(a); *Presiado,* 230 S.W.3d at 275 (inmate's TLA claim against prison employees in their individual capacities for destroying his personal property had arguable basis in law).

And Reece's allegation that Johnson confiscated his paper and stamps and did not turn them in to the prison property room is an arguable claim that Johnson committed theft and is liable under the TLA in his individual capacity. *See Minix,* 162 S.W.3d at 639 ("Minix alleged that Wuttke entered his cell and removed a book that belonged to him without justification and subsequently failed to either return it to him or turn it in to the prison property official. … Construing Minix's petition with liberality and patience, we conclude that there is an arguable basis in law as to Minix's Theft Liability Act claims against Pitts and Wuttke in their individual capacities."). To

Reece v. Johnson                                                                                                    Page 10

further show that his TLA claim against Johnson is not frivolous, Reece points to the grievance records filed with Montgomery's motion to dismiss. In response to a subsequent grievance, the grievance response was: "Your claim that Officer Johnson confiscated a ream of legal typing paper and 10 stamps but it was not in property room when you went to claim it was investigated. Your claim has merit [*sic*] your property was not found in the property room … ." Reece's TLA claim against Johnson in his individual capacity is not frivolous.

But Reece's TLA claim against Johnson in Johnson's official capacity is barred by sovereign immunity, so it lacks an arguable basis in law and was properly dismissed by the trial court. *See Presiado,* 230 S.W.3d at 275; *Minix,* 162 S.W.3d at 639; *see also Simmonds,* 2010 WL 654498, at *4 ("Because the State has not waived sovereign immunity as to Simmonds's claim under the Texas Tort Claims Act, that claim has no arguable basis in law or in fact, and the trial court did not err or abuse its discretion in dismissing it as frivolous.").

In conclusion, the trial court erred in dismissing as frivolous Reece's TLA claim against Johnson in his individual capacity, and we sustain in part Reece's first issue.

In his second issue, Reece contends that the trial court erred in dismissing his suit with prejudice. With respect to the claims that we have found have no arguable basis in law, dismissal with prejudice was proper. *Fernandez,* 341 S.W.3d at 13. Issue two is overruled.

Issue three asserts that the trial court erred in allowing the Attorney General to represent the defendants, and within issue three, Reece complains about the Attorney

General's failure to facilitate service on Johnson. Issue four asserts that the trial court erred in allowing delay in the service of Guerra. Issue five asserts that the trial court erred by requiring Reece's inmate account to be double-charged for payment of Reece's court costs in this case.[7] And issue six asserts that the trial court erred by failing to require the trial court clerk to maintain an accurate docket. None of these complaints were raised in the trial court, and they therefore are not preserved for appellate review. TEX. R. APP. P. 33.1. Issues three through six are thus overruled.

We affirm the trial court's dismissal of Reece's claim against Guerra and Reece's claim against Montgomery. We also affirm the trial court's dismissal of Reece's Theft Liability Act claim against Johnson in Johnson's official capacity, but we reverse the trial court's dismissal of Reece's Theft Liability Act claim against Johnson in Johnson's individual capacity. We remand this case for further proceedings consistent with this opinion.

REX D. DAVIS
Justice

---

[7] Reece's complaint is actually against TDCJ because he alleges that it is incorrectly deducting money from his inmate account based on TDCJ's incorrect belief that Reece has two pending cases. The clerk's record reflects an initial bill of cost for $448.00 for the filing fee and initial citation and service fees, but the trial court's initial order for withdrawal of payments for court costs from Reece's inmate account was in the amount of $232.00. The trial court subsequently entered a nunc pro tunc withdrawal order in the amount of $448.00. The confusion on TDCJ's part appears to have occurred because, when Reece filed his amended petition adding Guerra as a party, a supplemental bill of cost for $108.00 was issued and the trial court entered a supplemental withdrawal order in the amount of $108.00.

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray concurs in the judgment only and only to the extent it affirms the trial court's judgment other than as to the claim against Johnson in his individual capacity.)
Affirmed in part, reversed and remanded in part
Opinion delivered and filed August 22, 2013
[CV06]