

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00066-CV

_____

IN RE DAMYIEN PORTER,
WARFAB INDUSTRIES, INC., AND WARFAB, INC.

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

In this original proceeding, Damyien Porter (Porter), Warfab Industries, Inc., and Warfab, Inc. (collectively Warfab), have filed a petition for a writ of mandamus requesting this Court to compel the trial court to vacate its order denying their plea to the jurisdiction and plea in abatement. We conclude that the record does not establish the right to mandamus relief. As a result, we deny the petition for a writ of mandamus.

## I.      Factual and Procedural Background

On June 30, 2018, Lauren Vasquez was traveling as a passenger in a Warfab-owned pickup truck driven by Porter, a Warfab employee. According to Vasquez's petition, she was injured after Porter lost control of the vehicle and caused it to crash into a tree. She sued Porter and Warfab (collectively Relators) for several theories of negligence, alleged that Porter was operating within the course and scope of his employment at the time of the accident, and sought damages for reasonable past and future medical care, pain and suffering, past and future physical impairment, loss of earnings, and loss of earning capacity.

In their answer, Relators alleged that Warfab was a subscriber under the Texas Workers' Compensation Act (TWCA), that it had a workers' compensation policy at the time of the accident, and as a result, that Vasquez's claims were barred pursuant to the Texas Labor Code because she was also a Warfab employee. Relators filed a plea to the jurisdiction and a plea in abatement arguing that the trial court lacked jurisdiction to consider the case because Vasquez had not exhausted her administrative remedies. Relators' plea also alleged that Warfab had filed a claim with the workers' compensation insurance carrier and that it was assigned to adjuster

Richard Martinez. In support, Relators attached an unverified, unsworn document purporting to be a copy of Warfab's workers' compensation and employer's liability insurance policy issued by the Hartford, which stated it would cover bodily injury if it arose "out of and in the course of the injured employee's employment." No other documents were attached to Relators' plea.

In response, Vasquez admitted that she did not pursue a worker's compensation claim because she was not acting in the course and scope of her employment during the accident. The response attached a verified copy of Warfab's interrogatory responses, which were answered by Safety Director Jimmy Dean Smith, who said that the accident happened at 1:15 p.m. A verified copy of Vasquez's timecard showed that, on the day of the accident, she clocked in at 8:06 a.m. and clocked out at 11:08 a.m. A verified copy of her earnings statement showed that Vasquez was only paid for three hours of work on the day of the accident.

On August 27, 2020, the trial court denied Warfab's plea to the jurisdiction. On November 9, Relators filed a motion for reconsideration arguing that the evidence created a question of fact concerning whether Vasquez was acting in the course and scope of her employment. Again, Relators alleged that Warfab was a subscriber under the TWCA and, in support of this assertion, attached another unverified, unsworn document purporting to be a copy of Warfab's workers' compensation and employer's liability insurance policy. Relators also attached affidavits from Smith[1] and Porter[2] attempting to challenge Vasquez's evidence on whether she was in the course and scope of her employment.

---

[1]Smith's affidavit said,
> Upon returning to our company premises I asked Laura Va[s]quez if she was on the clock during the accident and she stated 'no.' I asked if her timecard entry was a date stamp or a written-in time entry and she said 'written-in.'

3

In response, Vasquez objected to Relators' unverified, unsworn copy of Warfab's purported workers' compensation insurance policy on the ground that it was unauthenticated and argued that Relators had not brought forth any evidence showing that Warfab subscribed to workers' compensation insurance on the date of the accident. Vasquez also objected to Smith's and Porter's affidavits as conclusory statements that contained hearsay.

The trial court held a hearing on Relators' motion on December 22, 2020. Relators have not provided this Court with a transcript of that hearing. Even so, Relators represented in a subsequent motion that, "[a]t the hearing, Plaintiff objected to the insurance policy attached as

---

It is against company policy for an employee to 'ride along' with another employee for the purpose of conducting company business while they are not on the clock. It is also against company policy for an employee to 'write in' a timecard entry without an approval and signature of a company manager at the time of correction.

. . . .

. . . . When I reviewed Laura Vasquez's timecard (attached) for the date of June 30, 2018, it contained a white out entry with a date and time stamp designating her alleged clock out. There was no 'write-in' clock out on her timecard. The time entry is very suspicious and appears to cover up a time previously stamped or handwritten entry. Per company protocol, any type of correction to a time sheet must be approved and initialed by a manager on duty at the time of the correction. The timecard did not contain the requisite endorsement by the manager on duty. . . .

. . . .

The following Monday morning we noticed that the time clock system had been mysteriously changed by one hour and had to be reset. Two meetings were held about how the Plaintiff should not have been riding along on the day of the accident. That afternoon Plaintiff Laura Vasquez resigned and cleaned her computer before I had any opportunity to discuss the suspicious entries or the clock system changes with her.

Based on the numerous violations of company policy, the suspicious timecard entries, the bizarre time clock system modification and the inconsistent version of events provided by Plaintiff Laura Vasquez, it is my opinion and belief that Laura Vasquez was on the clock and on the job when the motor vehicle accident occurred on June 30, 2018.

[2]Porter's affidavit read,

On June 30, 2018, I was engaged in my duty as an employee of Warfab and driving a white flat-bed pick-up truck owned by my employer for a delivery in Groesbeck, Texas. I was accompanied by Laura Va[s]quez who asked if she could ride along/help while I ma[d]e the delivery. She stated she wanted to get "some extra hours" and overtime pay. It was my understanding from our conversation that Laura Va[s]quez was on the clock and being paid by Warfab at the time of the motor vehicle collision that happened on or about June 30, 2018. At the time of the accident, Laura Va[s]quez and I were traveling in a Warfab vehicle for the purpose of making a delivery for our employer, Warfab.

4

evidence in support of the motion. The Court requested supplementation of a business records affidavit to prove-up the authenticity of the attached records." As a result, it appears that the trial court sustained Vasquez's objection. To remedy the issue, Relators filed supplemental evidence in support of their motion for reconsideration on March 23, 2021.

The supplemental evidence included an insurance policy authenticated by a business record affidavit, which was different from the previous unverified policies Relators had presented to the trial court. While effective on the date of the accident, the authenticated policy did not show that Warfab had workers' compensation coverage. Instead, it stated, under a provision labeled "[e]xclusions," that the "insurance [did] not apply to . . . '[b]odily injury,' . . . and 'personal injury'" or to "Workers' Compensation." It also stated that the insurance company would not "pay expenses for 'bodily injury'. . . . [t]o a person hired to do work for or on behalf of any insured" or "[t]o a person, whether or not an 'employee' of any insured, if benefits for the 'bodily injury' [were] payable or must be provided under a workers' compensation or disability benefits law or a similar law."

Relators also attached the affidavit of Martinez, which read,

I am the claims adjuster assigned to claim #Y2ZC06266 regarding a worker's compensation claim filed with the Hartford. This claim was filed on May 15, 2020[,] by JD Smith on behalf of the insured Warfab Industries, Inc. related to injuries allegedly sustained by employee Laura Vasquez while in the course of her employment with Warfab Industries, Inc. The date of loss was listed as[] June 30, 2018. A notice of medical claim acknowledgement package was forwarded to the Laura Vasquez at her address . . . . The medical claim acknowledgement package has not been completed or returned and the claim remains open at this time.

The affidavit did not state whether Warfab had workers' compensation coverage on the date of the accident. On April 27, 2021, the trial court denied Warfab's motion to reconsider. Relators now bring this original proceeding.

## II. Standard of Review

"To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision." *In re Crawford*, 560 S.W.3d 357, 363 (Tex. App.—Texarkana 2018, orig. proceeding) (citing *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). "The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief." *Id.* (citing TEX. R. APP. P. 52.3; *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)). "Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act." *Id.*

"In addition to showing that the trial court had no option but to have performed the act urged by the relator, the relator must also have no adequate remedy at law." *Id.* "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). "[A]n appellate remedy is not inadequate merely because it may involve more expense or delay

than obtaining an extraneous writ." *Id.* (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

"Absent an extraordinary circumstance, 'a denial of a motion to dismiss or a plea in abatement is a ruling incident to the ordinary trial process which will *not* be corrected by mandamus, but by the legal remedy of the ordinary appellate process.'" *Id.* (quoting *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding)); *see In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding). "Mandamus review is not—and should not be—an easily wielded tool, but such review of significant rulings in exceptional cases may be essential to, among other things, 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Crawford*, 560 S.W.3d at 363–64 (quoting *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136)).

An exception to the general rule that mandamus review is unavailable from an order denying a plea to the jurisdiction exists in situations when a state agency has exclusive jurisdiction or a trial court's order interferes with the authority of a state agency. *See In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex. 2004) (orig. proceeding); *In re State Bar of Tex.*, 113 S.W.3d at 734. "The Texas Worker's Compensation Act provides that the recovery of worker's compensation benefits is the exclusive remedy of an employee covered by worker's compensation insurance for a work-related injury." *In re Tex. Mut. Ins. Co.*, No. 05-05-00944-CV, 2005 WL 1763562, at *2 (Tex. App.—Dallas July 27, 2005, orig. proceeding) (mem. op.) (citing TEX. LAB. CODE ANN. § 408.001(a)). "The Act vests the power to award compensation

7

benefits solely to the Commission, subject to judicial review." *Id.* (citing *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001) (citing TEX. LAB. CODE ANN. §§ 408.001(a), 410.168–.169, .203–.205, .208). "Medical benefits are included within the definition of benefits." *Id.* (citing TEX. LAB. CODE ANN. § 401.011(5)). As a result, a complaint that the Texas Workers' Compensation Commission had exclusive jurisdiction over an employee's claims and that the trial court lacked jurisdiction because an employee had not exhausted administrative remedies may be reviewed by petition for the writ of mandamus. *Id.* at *1.

"If an agency has exclusive jurisdiction, a claimant must exhaust all administrative remedies in the agency before filing a claim in the trial court." *In re Vilore Foods Co.*, No. 04-19-00860-CV, 2020 WL 1159060, at *1 (Tex. App.—San Antonio Mar. 11, 2020, orig. proceeding) (mem. op.) (quoting *In re Tex. Mut. Ins. Co.*, 329 S.W.3d at 5). "Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *Id.* (quoting *In re Entergy Corp.*, 142 S.W.3d at 321–22; *In re Tex. Mut. Ins. Co.*, 329 S.W.3d at 5).

"Subject-matter jurisdiction may be properly challenged by a plea to the jurisdiction." *Univ. of Tex. Health Sci. Ctr. at Tyler v. Nawab*, 528 S.W.3d 631, 638 (Tex. App.—Texarkana 2017, pet. denied). "Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review." *Id.* (quoting *Fannin Cty. Cmty. Supervision & Corrections Dep't v. Spoon*, No. 06-13-00103-CV, 2014 WL 3513388, at *4 (Tex. App.—Texarkana July 16, 2014, pet. denied) (mem. op.)). "A plea to the jurisdiction may challenge . . . the existence of

8

jurisdictional facts to support the pleadings." *Id.* (citing *Mission Consol. Indep. Sch. Dist. v. Garcia* (*Garcia II*), 372 S.W.3d 629, 635 (Tex. 2012)).

Where, as here, "the plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider the evidence submitted by the parties to resolve the dispute, 'even if that evidence "implicates both the subject-matter jurisdiction of the court and the merits of the case."'" *Id.* (quoting *Garcia II*, 372 S.W.3d at 635 (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004))). In such a circumstance,

> a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion. Initially, the defendant carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction. If it does, the plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue.

*Id.* at 638 (quoting *Garcia II*, 372 S.W.3d at 635) (citations omitted). "On review, we take as true all evidence favorable to the non-movant, indulging reasonable inferences and resolving all doubts in favor of the non-movant." *Id.* at 639 (quoting *Fannin Cty. Cmty. Supervision & Corrections Dep't v. Spoon*, No. 06-13-00103-CV, 2014 WL 3513388, at *5 (Tex. App.—Texarkana July 16, 2014, pet. denied) (mem. op.) (citing *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009))).

"If the trial court's subject matter jurisdiction is challenged in a plea to the jurisdiction and the undisputed evidence shows the claimant has failed to exhaust its administrative remedies, the trial court must grant the plea as a matter of law." *In re Vilore Foods Co.*, 2020 WL 1159060, at *2 (citing *In re Entergy Corp.*, 142 S.W.3d at 321–22; *Miranda*, 133 S.W.3d at 228); *see Nawab*, 528 S.W.3d at 638. But "[i]f a fact issue exists, the trial court should deny the

9

plea." *Nawab*, 528 S.W.3d at 638 (quoting *Garcia II*, 372 S.W.3d at 635); *see State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007) ("A plea should not be granted if a fact issue is presented as to the court's jurisdiction, but if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted."); *Miller v. Gregg Cty.*, 546 S.W.3d 410, 419 (Tex. App.—Texarkana 2018, no pet.).

## III.     The Record Does Not Establish Relators' Right to Mandamus Relief

Here, Relators were required to "carr[y] the burden to meet the summary judgment proof standard for [their] assertion that the trial court lack[ed] jurisdiction." *Nawab*, 528 S.W.3d at 638 (quoting *Garcia II*, 372 S.W.3d at 635). Relators argued that Vasquez was required to exhaust administrative remedies under the TWCA. To show that the TWCA applied, Relators were first required to bring forth evidence that Vasquez was "an employee covered by workers' compensation insurance coverage." TEX. LAB. CODE ANN. § 408.001(a).

Relators' pleadings alleged Warfab had workers' compensation coverage at the time of the accident. Even so, "[p]leadings outline the issues, but they are not evidence." *Shawell v. Pend Oreille Oil & Gas Co.*, 823 S.W.2d 336, 338 (Tex. App.—Texarkana 1991, writ denied); *see Holmes v. S. Methodist Univ.*, No. 05-11-01178-CV, 2013 WL 1857932, at *3 (Tex. App.—Dallas May 1, 2013, no pet.) (mem. op.) (citing *Heirs of Del Real v. Eason*, 374 S.W.3d 483, 487 (Tex. App.—Eastland 2012, no pet.); *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Zeifman v. Nowlin*, 322 S.W.3d 804, 808 (Tex. App.—Austin 2010, no pet.)). Relators attached a document in support of their motion for reconsideration of the denial of the plea to the jurisdiction that purported to be a copy of a workers' compensation

insurance coverage policy. The document was unverified and unsworn. By written response and during the reconsideration hearing, Vasquez objected to the unauthenticated document. Because "[u]nverified documents attached to pleadings are not proper summary judgment evidence" that can be relied on in the context of either a summary judgment or a plea to the jurisdiction, it appears from the record submitted by Relators that the trial court granted the objection. *Holmes*, 2013 WL 1857932, at *3 (citing *Eason*, 374 S.W.3d at 487); *see Kleven v. Tex. Dep't of Criminal Justice–I.D.*, 69 S.W.3d 341, 345 (Tex. App.—Texarkana 2002, no pet.); *see also In re Est. of Guerrero*, 465 S.W.3d 693, 705 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Relators attempted to remedy the issue by obtaining a business records affidavit authenticating a different policy, but this policy did not contain workers' compensation coverage, and none of the other evidence submitted by Relators established that they had such coverage.

We find that Relators failed to provide this Court with a record sufficient to establish their right to mandamus relief because the record does not contain undisputed evidence that Vasquez was required to exhaust administrative remedies. *See In re Aramark Corp.*, 38 S.W.3d 291, 293–94 (Tex. App.—Tyler 2001, orig. proceeding) (denying mandamus relief where, "[b]ased on the limited record . . . in th[e] mandamus proceeding, [appellate court was] unable to determine whether and to what extent [plaintiff was] required to exhaust her administrative remedies [under the TWCA] before . . . bring[ing] the . . . cause of action"). As a result, Relators have neither shown that the trial court had a ministerial duty to grant the plea to the jurisdiction nor presented an extraordinary circumstance that would justify an exception to the general rule that mandamus review is unavailable from an order denying a plea to the jurisdiction.

11

We deny the petition for a writ of mandamus.[3]

Ralph K. Burgess
Justice

Date Submitted:    August 5, 2021
Date Decided:    August 6, 2021

---

[3]We also deny Relators' accompanying motion for emergency stay of proceedings in the trial court.

12