In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00069-CV

BERTIS CUPIT, Appellant

V.

WELLPATH RECOVERY SOLUTIONS F/K/A CORRECT CARE, LLC D/B/A CCRS OF TEXAS, LLC AND MANAGEMENT & TRAINING CORPORATION, Appellees[1]

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 19-01-00578-CV

**MEMORANDUM OPINION**

Appellant Cupit, a civilly committed sexually violent predator (SVP), appeals

the trial court's decision to grant Appellees' motion for a traditional and no-evidence

---

[1] We note that Appellant's claims against other defendants in the underlying lawsuit were disposed of by pleas to the jurisdiction and other dispositive motions. We are afforded jurisdiction to address only those issues and parties properly raised in the notice of appeal. Tex. R. Civ. P. 25.1(b); *See Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC*, 579 S.W.3d 696, 702 (Tex. App. ——El Paso 2019 pet. denied).

1

summary judgment regarding Cupit's claim that he was wrongfully placed in a residential treatment facility pursuant to the 2015 amendments to chapter 841 of the Texas Health and Safety Code. Tex. Health & Safety Code Ann. § 841.001 *et seq*. Finding no reversible error, we affirm the trial court's judgment.

## I. Background

In 2013, Cupit was determined to be a sexually violent predator. The trial court's judgment committed Cupit for outpatient treatment, and its contemporaneous order of commitment required, among other things, that Cupit reside at a location approved by the applicable state agency, which was then the Office of Violent Sex Offender Management.[2] Two years after Cupit's original commitment, our legislature amended chapter 841 of the Health and Safety Code to require that committed SVPs be placed in a tiered treatment program, and the State filed a motion to implement that change with respect to Cupit's commitment. Tex. Health & Safety Code Ann. § 841.0831(a). The trial court granted that motion, and issued an amended commitment order; this amended order, like the original order, included a provision permitting the Texas Civil Commitment Office (TCCO) to designate Cupit's residence. Because tiers one through four of the tiered program are offered only at the commitment center in Littlefield, and because Cupit has not yet

---

[2] *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, §§ 1-44, 2015 Tex. Sess. Law Serv. 2700–2712 (current version at Tex. Health & Safety Code Ann. §§ 841.001-.153)

2

progressed to tier five, Cupit has been required to reside at that facility since the trial court issued the amended order in 2015.

Cupit has made prior unsuccessful attempts to challenge his placement at that facility and to sue for damages.[3] In the current case, he again seeks money damages and a release from his residential treatment facility, claiming to have been the victim of a breach of contract and the torts of false imprisonment and civil conspiracy. The defendants in this case originally included not only Appellees, the current and former companies contracted to run the commitment facility where Cupit now resides, but various individuals, ranging from the executive director of the TCCO to the mayor of the town where the commitment center is located. All of the defendants other than Appellees were dismissed from the case pursuant to orders of nonsuit or pleas to the jurisdiction; Appellees eventually sought a no-evidence and traditional motion for summary judgment. Although Cupit responded to this motion and attached exhibits to his response, the trial court sustained Appellees' objections that the exhibits were hearsay and were not properly authenticated, and granted Appellees' motion.

Cupit filed a timely appeal of the trial court's summary judgment as to Appellees; although his appeal is not a model of clarity, Cupit's multiple appellate

---

[3] *Cupit v. Tex. Civil Commitment Office*, No. 07-18-00228-CV, 2018 WL 6036645 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.); *Cupit v. Mgmt. & Training Corp.*, No. 07-20-00286-CV, 2021 WL 1011907 (Tex. App.—Amarillo March 16, 2021, no pet.) (mem. op.).

complaints appear to fall into four categories: that the trial court erred in granting Appellees' motion for summary judgment; that Appellees were without authority to confine him; that he received inadequate assistance of counsel during the proceedings at the trial court level; and that the trial court failed to address his no-evidence motion for summary judgment against Marsha McLane.

## II. Standard of Review

The outcome of this appeal will primarily hinge on our disposition of the trial court's action regarding the summary judgment.

The trial court's decision to sustain Appellees' objections to Cupit's summary judgment response means that Cupit did not "produce[] summary judgment evidence raising a genuine issue of material fact[,]" as required to defeat a no-evidence motion for summary judgment. Tex. R. Civ. P. 166a(i). Because the summary judgment may have been partially founded on this absence of competent evidence produced in response to Appellees' no-evidence summary judgment motion, we will review the standards of review for both evidentiary rulings and summary judgments.

We review a trial court's decision to grant summary judgment de novo. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) (citation omitted). We view the evidence in the light most favorable to the nonmovant. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). In doing so, we indulge every reasonable inference and resolve any doubts against the motion. *See City of Keller*,

4

168 S.W.3d at 824. "Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (citation omitted).

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the adverse party has the burden of proof. Tex. R. Civ. P. 166a(i). The motion must specify which elements have no evidence. *See id.* "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* When the responding party does offer evidence, that evidence must be in legally admissible form. *See Sewell v. City of Odessa*, No. 11-19-00121-CV, 2021 WL 1706913, at *4 (Tex. App.—Eastland April 30, 2021, no pet) (mem. op.).

When a no-evidence motion has been granted, it "is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003) (citations omitted). A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence

5

offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citation omitted).

A party moving for traditional summary judgment has the burden of establishing there is no genuine issue of material fact as to at least one requisite element of the asserted cause of action and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citations omitted). When the trial court fails to specify the grounds on which it granted summary judgment, we must affirm if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000) (citation omitted). If a defendant files a combined traditional and no-evidence summary judgment motion, we first review the judgment under the no-evidence standards of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600-01 (Tex. 2004); *Werth v. Johnson*, 294 S.W.3d 908, 909 (Tex. App.—Beaumont 2009, no pet.). Accordingly, we limit our discussion of the summary judgment grounds to those necessary for the resolution of this appeal. *See FM Props.*, 22 S.W.3d 872-73; Tex. R. App. P. 47.1.

We review the trial court's evidentiary ruling regarding Cupit's summary judgment response under an abuse of discretion standard, meaning that in order to secure a reversal on the basis of the trial court's decision, Cupit was required to show

6

that the trial court acted without regard to guiding rules or principles. *See Schindler Elevator Corp. v. Ceasar*, No. 09-19-00419-CV, 2021 WL 5570136, at \*15 (Tex. App.—Beaumont Nov. 30, 2021, no pet.) (mem. op.). Cupit also would be required to show that an allegedly erroneous evidentiary ruling probably resulted in the rendition of an improper judgment. *Id.*; Tex. R. App. P. 44.1(a)(1).

### III.  Analysis

### A. The Summary Judgment

As noted above, Appellees filed a no-evidence motion for summary judgment addressing Cupit's claims against them, and Cupit responded to that motion. The following documents were attached to Cupit's response:

- The trial court's final judgment, signed January 15, 2013;
- The trial court's order of commitment, signed January 15, 2013;
- The amended order of commitment, signed September 1, 2015;
- Excerpts from the TCCC handbook, and its behavioral requirements; and
- The TCCO's notice of the 2015 legislative changes.

None of these documents was authenticated or otherwise in admissible form, as required by Rule 166a(f). *See Heirs of Del Real v. Eason*, 374 S.W.3d 483, 487-88 (Tex. App.—Eastland 2012, no pet.) (noting that unauthenticated documents do not constitute competent summary judgment evidence); Tex. R. Civ. P. 166a(f). Because Rule 166a(i) states that the trial "court *must* grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact[,]" and because Cupit produced no competent summary judgment evidence in

response to Appellees' motion, the trial court had no choice but to grant Appellees' no-evidence motion. Tex. R. Civ. P. 166a(i) (emphasis added); *Eason*, 374 S.W.3d at 487-88.

Even if Cupit's exhibits were properly before the trial court, this documentation would not support his claims against Appellees. Evidence of Cupit's SVP status and consequent civil commitment have no demonstratable bearing on his allegations of Appellees' wrongdoing, because, as more thoroughly illustrated below, Appellees' actions were legal pursuant to the Texas Health and Safety Code.

Our determination that the trial court properly granted Appellees' no-evidence motion for summary judgment renders it unnecessary for us to also consider Appellees' traditional motion. Tex. R. App. P. 47.1.

**B. Appellees' Authority to Confine Appellant**

Cupit's various arguments that Appellees lacked the legal authority to confine him at the Civil Commitment Center are without merit. The authority to do so arises from the 2015 amendments to the Health and Safety Code, and from the trial court's amended order of civil commitment mandated by those statutory amendments. Specifically, the Health and Safety Code, as amended, requires the TCCO to operate a facility to house committed persons such as Cupit, or to contract with vendors such as Appellees for this purpose. *See In re Williams*, No. 09-16-00087-CV, 2016 WL 4249175 (Tex. App.—Beaumont August 11, 2016, no pet.) (mem. op.); Texas

Health & Safety Code Ann. § 841.0832(a). The Health and Safety Code further requires the TCCO to determine the conditions of supervision and treatment of such committed persons, and to develop a tiered program for that supervision and treatment. *Id*. at § 841.0831(a); Texas Health & Safety Code Ann. §§ 841.083-841.0832(a). In order to implement the tiered program, the Health and Safety Code also directs the trial court to enter an order requiring the committed person to "reside where instructed by the office[.]" Texas Health & Safety Code Ann. § 841.082(a)(1). Taken together, the provisions of chapter 841 legally empowered Appellees, by virtue of their contract with the TCCO, to house Cupit in the manner legislatively and administratively determined. *See Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc.,* 521 S.W.3d 749, 754 (Tex. 2017) (stating that a statute should be analyzed as a "cohesive, contextual whole[.]"). In short, Appellees' actions were legally sanctioned, and therefore cannot subject Appellees to liability.

Even if we were to direct that the original 2013 order of commitment be reinstated, such hypothetical action would not alter Cupit's living situation, because that 2013 commitment order required Cupit to live "in supervised housing at a Texas residential facility under contract with the "Office" or at another location or facility approved by the Office[.]" Under the express terms of the 2013 order, Cupit could have been required to live at the TCCO, just as he is at this time.

This point is overruled.

9

## C. The Assistance of Counsel Claim

Because neither the Texas Constitution nor the United States Constitution guarantees a right to counsel in a civil suit, we overrule this point. *See Stokes v. Puckett*, 972 S.W.2d 921, 927 (Tex. App.—Beaumont 1998, pet. denied). Accordingly, we also deny Cupit's motion for appointment of counsel.

## D. The Claim Against Marsha McLane

Cupit alleges that the trial court committed reversible error by failing to address his no-evidence motion for summary judgment as to this defendant. Although that motion is included in the appendix to Cupit's appellate brief, it is not included in the clerk's record. For that reason, we cannot consider this motion on appeal. *See Florence v. Davenport*, No. 02-16-00109-CV, 2016 WL 7010930, at *2 (Tex. App.—Fort Worth Dec. 1, 2016, pet. denied) (mem. op.).

Even if we were permitted to consider documentation outside the appellate record, we would not disturb the trial court's action or inaction regarding this motion, because the trial court could not have granted a no-evidence summary judgment motion as to McLane under the standard set forth in the applicable rule. Rule 166a(i) of the Texas Rules of Civil Procedure, which governs no-evidence motions for summary judgment states, in pertinent part, that a party "may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense *on which an adverse party would have the burden of*

*proof at trial.*" Tex. R. Civ. P. 166a(i) (emphasis added). Because Cupit, and not McLane, would have had the burden of proof at trial, if the case had progressed to that stage, a no-evidence summary judgment was inappropriate as to Cupit's claims against her. Therefore, the trial court's disposition of this motion at most constituted harmless error and cannot form the basis of a reversal of the lower court's decision. Tex. R. App. P. 44.1(a)(1).

Cupit's breach of contract claim against McLane must also fail pursuant to the rationale of *In re Commitment of May*. 500 S.W.3d 515, 524-26 (Tex. App.— Beaumont 2016, pet. denied). In *May*, we considered and rejected this same argument, determining that the 2015 legislative amendments to the Health and Safety Code required the actions that Cupit now challenges.

Accordingly, we overrule this point, also.

## IV. Conclusion

As Cupit has demonstrated no reversible error on the part of the trial court, its judgment in cause No. 19-01-00578-CV is

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on July 5, 2022
Opinion Delivered August 18, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

11