In re A PURPORTED LIEN OR CLAIM AGAINST Collin County Clerk Brenda TAYLOR.

No. 05–06–00992–CV.

Court of Appeals of Texas, Dallas.

April 10, 2007.

Richard J. Florance, Richardson, pro se.

Robert J. Davis, Matthew, Carlton, Stein, Shiels, Pearce & Knott, Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, FRANCIS.

## OPINION

Opinion by Justice FITZGERALD.

The trial court found Richard John Florance, Jr.'s "Florance's First Notice of Lien" fraudulent, as defined by section 51.901(c) of the government code, in its "Judicial Findings of Fact and Conclusions of Law Regarding a Document Purporting to Create a Lien." Representing himself, Florance appeals that decision. We affirm the trial court's findings of fact and conclusions of law.

Brenda Taylor is the Collin County Clerk. On December 15, 2005, Florance filed "Florance's First Notice of Lien" in the Collin County records. It referred to cause number 001–1412–05 in County Court at Law No. 1, styled *Amanda Florance, a minor, and Richard John Florance, Jr., next friend v. State of Texas, a federal corporation.* In that case, Florance sought mandamus relief and a declaratory judgment challenging the Plano Municipal Court's jurisdiction over his daughter's class C misdemeanor citation for being a minor in possession of alcohol. *See In re A.F., a Minor,* No. 05–05–01435–CV, 2006 WL 1728035 (Tex.App.-Dallas June 13, 2006, orig. proceeding [mand. denied]), *cert. denied,* —— U.S. ——, 127 S.Ct. 1326, 167 L.Ed.2d 79 (2007). Florance sought to appeal the county court's decision in that case.

Florance states in his brief that he requested the Collin County Clerk to prepare the clerk's record. Florance initially refused to pay the $129 fee; however, he paid the fee on December 15, 2005, when faced with dismissal of his appeal for want of prosecution.[1] On December 15, 2005, as noted above, Florance filed "Florance's First Notice of Lien," purporting to create a lien for $129 against Taylor on "all property and property interests whether found in or beyond this state, whether real, personal or intangible, in which you have any right, title or interest, as security for payment of this claim."

On December 22, 2005, Taylor's counsel sent Florance a certified letter, return receipt requested, putting Florance "on notice" that the filing of "Florance's First Notice of Lien" was "illegal" and referring to sections 51.901(c), 51.902, and 51.903 of the government code. In addition, counsel advised Florance that "it may also be a criminal offense to file a fraudulent Lien or Claim," referring to section 32.49 of the penal code. Counsel requested Florance to withdraw "Florance's First Notice of Lien" or, as provided by section 32.49, within twenty-one days of the receipt of the letter, execute a release of "Florance's First Notice of Lien." *See* TEX. PEN.CODE ANN. § 32.49(a)(2) (Vernon 2003). Counsel also stated that, absent the withdrawal or release, he would "seek all legal recourses available to the County Clerk...." The return receipt shows the December 22 letter was delivered on December 23, 2005, and that Amanda Florance signed for it.

On April 6, 2006, Florance filed "Florance's Withdrawal of Notice of Lien." Subsequently, pursuant to section 51.903, Taylor filed her "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim" in the 401st Judicial District Court. After hear-

---

1. *See* TEX.R.APP. P. 38.1(f) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

ing the motion, the trial court signed its findings of fact and conclusions of law.

Six days after the hearing, Florance filed with the district clerk "Florance's Verified Bill of Exceptions and Notice of Appeal." In this document, Florance states, "The first Notice that I received that this matter even existed is the 'final order.' I specifically assert my right to commercial Due Process."

Section 51.901 provides a procedure to determine whether a lien is fraudulent. Specifically, a document or instrument purporting to create a lien or assert a claim on real or personal property or an interest in real or personal property is presumed fraudulent if it:

(A) is not a document or instrument provided for by the constitution or laws of this state or of the United States;

(B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or

(C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution of laws of this state or of the United States.

TEX. GOV'T CODE ANN. § 51.901(c)(2)(A)-(C) (Vernon Supp.2006). If a county clerk believes in good faith that a document filed with the county clerk to create a lien is fraudulent, the clerk shall:

(1) request the assistance of the county or district attorney to determine whether the document is fraudulent before filing or recording the document;

(2) request that the prospective filer provide to the county clerk additional documentation supporting the existence of the lien, ...; and

(3) forward any additional documentation received to the county or district attorney.

*Id.* § 51.901(d).

Section 51.903 is titled "Action on Fraudulent Lien on Property." Section 51.903(a) provides a "suggested form" for a motion, verified by affidavit, that a person who believes that a purported lien is fraudulent may file with the district clerk. *Id.* § 51.903(a) (Vernon 2005). Section 51.903(c) provides that a motion under section 51.903 may be ruled on by a district judge having jurisdiction over real property matters in the county where the subject document was filed. *Id.* § 51.903(c). It also provides that "[t]he court's finding may be made solely on a review of the documentation or instrument attached to the motion and without hearing any testimonial evidence." *Id.* "The court's review may be made ex parte without delay or notice of any kind." *Id.* Section 51.903(e) provides that "the district judge shall enter an appropriate finding of fact and conclusion of law ..." *Id.* § 51.903(e). Section 51.903(g) provides a suggested form order appropriate to comply with this section. *Id.* § 51.903(g). Here, the district judge's findings of fact and conclusions of law track the statutory language, stating that the judge found that "Florance's First Notice of Lien" is fraudulent as defined by section 51.901(c); that it meets the requirements of section 51.901(c)(2)(A) through (C); and that "[t]here is no valid lien or claim created by 'Florance's First Notice of Lien.' "

In his sixth and eighth points, Florance argues that sections 51.901 and 51.903 violate due process because the presumption of fraud is "irrebuttable via no Notice or opportunity to be heard." Although not argued as a specific point, Florance states,

"The first Florance knew of the matter was the receipt in the email of the *ex parte* judgment declaring something 'fraudulent.'" However, there is nothing in the record to show that Florance brought this complaint to the attention of the trial court. *See* Tex.R.App. P. 33.1(a) (preservation of complaint requires making it to trial court by timely request, objection, or motion, and either ruling or refusal to rule by trial court). Florance filed his "Florance's Verified Bill of Exceptions and Notice of Appeal" with the district clerk. There is nothing in the record to show he brought it to the district judge's attention, thereby making the judge aware of his issue of notice under this chapter and giving the judge the opportunity to rule on it. *See In re Davidson,* 153 S.W.3d 490, 491 (Tex.App.-Amarillo 2004, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."); *Metzger v. Sebek,* 892 S.W.2d 20, 49 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (court not required to consider motion not called to its attention). Accordingly, Florance failed to preserve this argument for review.

We need not address Florance's first through fifth points, which offer irrelevant discussion regarding "maritime liens," "*in rem* matters," and the perfection of liens, without attacking the trial court's findings of fact and conclusions of law. *See Employers Cas. Co. v. Henager,* 852 S.W.2d 655, 658 (Tex.App.-Dallas 1993, writ denied) (unchallenged findings of fact are binding on parties and appellate court). Florance's seventh point discusses section 51.902, which relates to a fraudulent judgment lien and is irrelevant to this case.

We affirm the trial court's "Judicial Findings of Fact and Conclusions of Law Regarding a Document Purporting to Create a Lien."