**AFFIRMED and Opinion Filed January 28, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00713-CV

## CARESSIA WYSINGER, Appellant
## V.
## MONISHA JORDAN AND VERNA M. FLOWERS, Appellees

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-02122-C**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Smith

The trial court signed an agreed motion to dismiss the underlying negligence lawsuit. On appeal, pro se appellant Caressia Wysinger argues the trial erred by signing the agreed motion to dismiss when the motion was "filed in bad faith, without the consent or knowledge of the plaintiff, and legal malfeasance can be identified and verified." She asks the Court to reverse the order and reopen her case. Because Wysinger failed to file a proper motion for new trial with verified evidence substantiating her claims and failed to request a hearing, her issue is not preserved for review. We affirm the trial court's order.

## Background

Erica Cook, who is not a party to this appeal, was driving a Cadillac owned by appellant Caressia Wysinger. Cook and Wysinger were involved in a car wreck caused by appellee Monisha Jordan. The women sued Jordan for negligence and negligence per see. Wysinger sought property damages to cover the costs of repairing her Cadillac.

The trial court ordered the case to mediation. After mediation, appellees filed an agreed motion to dismiss indicating "[t]he parties have agreed to resolve this case outside the courtroom." The motion was signed by appellant's and appellees' attorneys. On May 31, 2020, the trial court signed an agreed order of dismissal.

On June 18, 2020, Wysinger sent a letter to the court asking it to review the dismissal order. She claimed the attorney that signed the agreed motion to dismiss no longer represented her, and he signed the motion without her authority. She asserted his actions were "not only egregious and spiteful but also deceitful and unethical." She contended that he tried to "strong arm" her into accepting a settlement that was not feasible. She attached email correspondence between the attorney and herself that she alleged supported her claims. After the trial court took no further action, Wysinger filed her notice of appeal.

## Discussion

Wysinger argues the trial court erred by signing an agreed order to dismiss because counsel did not have authority to agree to the motion but instead acted "in

bad faith, without the consent or knowledge of the plaintiff, and legal malfeasance can be identified and verified." Appellees argue Wysinger failed to file a proper motion for new trial; therefore, we have nothing to review.

We begin by considering whether Wysinger preserved her issue for review. Generally, a party is required to present a complaint to the trial court before being allowed to raise the issue on appeal; otherwise, the issue is waived. TEX. R. APP. P. 33.1. This requirement gives the trial court an opportunity to rule on the issue. *See Osterberg v. Peca*, 12 S.W.3d 31, 40 (Tex. 2000).

When as here, the complaint is one in which evidence must be presented, the complaining party must file a motion for new trial to preserve error. *See* TEX. R. CIV. P. 324(b). Merely filing a document that raises a complaint, however, does not preserve error; the party must bring the complaint to the trial court's attention. *See In re Purported Lien or Claim against Taylor*, 219 S.W.3d 620, 623 (Tex. App.—Dallas 2007, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling." (citation omitted)). Texas Rule of Appellate Procedure 33.1(b) provides that "the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, *unless taking evidence was necessary to properly present the complaint in the trial court*." TEX. R. APP. P. 33.1(b) (emphasis added).

We construe Wysinger's June 18, 2020, letter as an attempt to file a motion for new trial. She attached to her "motion" several emails indicating that she disagreed with settlement of her claims, she did not believe her attorney acted "with her best interests in mind," and she was seeking other counsel. However, these documents were attached to an unverified motion for new trial. In order to introduce evidence outside the record, a motion for new trial must be verified. *See In the Interest of T.L.T.*, No. 05-16-01367-CV, 2018 WL 1407098, at *4 (Tex. App.—Dallas Mar. 21, 2018, no pet.) (mem. op.). Because new evidence was necessary to support Wysinger's arguments, she was obligated to notify the trial court of its purported error by filing a verified motion for new trial and seeking a ruling on the motion. *See* TEX. R. CIV. P. 324(b)(1); *see also Matter of J.A.L.*, 630 S.W.3d 249, 253 (Tex. App.—El Paso 2020, no pet.). She failed to comply with these procedural requirements.

Moreover, when a motion for new trial raises a complaint that requires the presentation of evidence, the movant must ask the court for a setting and not allow her motion to be overruled by operation of law. *Matter of J.A.L.*, 630 S.W.3d 249, 253; *see also H&H Wrecker v. Koctar*, No. 14-15-00311-CV, 2016 WL 3634258, at *2 (Tex. App.—Houston [14th Dist.] July 7, 2016, no pet.) (mem. op.). Here, Wysinger's motion asked the court to review the additional information and to contact her regarding the court's decision "once the information has been reviewed."

Her motion neither requests a hearing nor does the record indicate any other request for a hearing before the motion was overruled by operation of law.

Because Wysinger failed to file a verified motion for new trial and failed to seek a hearing on her motion, we conclude she waived error, if any, and failed to preserve her issue for appellate review.

We recognize that Wysinger is representing herself on appeal. However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Wash. v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). This includes error preservation rules. *Harrison v. Reiner*, 607 S.W.3d 450, 464 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id*.

We overrule Wysinger's issue.

## Conclusion

We affirm the trial court's order granting the agreed order of dismissal.

/Craig Smith/
CRAIG SMITH
JUSTICE

200713F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARESSIA WYSINGER, Appellant

No. 05-20-00713-CV      V.

MONISHA JORDAN AND VERNA
M. FLOWERS, Appellees

On Appeal from the County Court at
Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-19-02122-
C.
Opinion delivered by Justice Smith.
Justices Pedersen, III and Goldstein
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MONISHA JORDAN AND VERNA M. FLOWERS recover their costs of this appeal from appellant CARESSIA WYSINGER.

Judgment entered this 28th day of January 2022.