

# NUMBER 13-20-00499-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SILVA, OTTING & SILVA, LLC,                                    Appellant,

v.

DONNA ECONOMIC DEVELOPMENT
CORPORATION 4A, DEVELOPMENT
CORPORATION OF DONNA 4B, AND
DONNA INTERNATIONAL BRIDGE
CORPORATION,                                                  Appellees.

On appeal from the 464th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Longoria, Hinojosa, and Silva
Memorandum Opinion by Justice Hinojosa

Appellant Silva, Otting & Silva, LLC (SOS) sued the City of Donna (the City)[1] and appellees Donna Economic Development Corporation 4A (DEDC), Development Corporation of Donna 4B (DCD), and Donna International Bridge Corporation (DIBC) for breach of contract. The trial court granted appellees' no-evidence summary judgment motion as well as DIBC's traditional motion for summary judgment. It then severed SOS's claims against appellees and entered a final judgment in the severed cause. In three issues, which we reorder, SOS argues that the trial court erred in: (1) severing its cause of action against appellees; (2) denying its motion for continuance; and (3) granting appellees' motion for summary judgment. We affirm.

## I.    BACKGROUND

### A.    SOS's Petition

SOS sued appellees and the City for breach of contract. SOS alleged that it entered into several business consulting agreements with the City and appellees "for the approval[,] financing, construct[ing,] installation[,] and rehabilitation of water and sewer facilities" as well as "the financing and development of the Donna-Rio Bravo International Bridge Project" (Bridge Project). With respect to the Bridge Project, SOS claimed it entered into an agreement on May 29, 2002, which was extended multiple times up to February 17, 2016. SOS alleged it obtained a grant for the City in the amount of $9,000,000, for which it invoiced the City $750,000. SOS further alleged that it implemented a financial plan for the City to obtain the refinancing of bonds in the amount of $27,900,000, for which it invoiced the City $1,600,000.

---

[1] The City is not a party to this appeal.

With respect to the improvements to water and sewer facilities, SOS claimed it originally entered into an agreement on August 12, 2002. SOS stated that it obtained $20,000,000 in grants, for which it invoiced the City $1,005,969.76.

SOS alleged that it entered into an amended payment agreement on March 29, 2017, that provided payment schedules for the balances owed to SOS under the prior agreements. According to SOS, the City made payments under this agreement until June 2018, at which time the City terminated the agreement.

In an attached letter dated August 13, 2018, from City Manager Carlos Yerena to SOS, the City stated it was terminating the "International Bridge Consultant Engagement," and that it would make no more payments to SOS "as the [C]ity cannot recognize the purported agreements[.]"

## B. Dismissal Motions & Motions for Summary Judgment

Appellees answered suit.[2] They later filed a no-evidence motion for summary judgment, challenging each element of SOS's breach of contract action. DIBC separately moved for traditional summary judgment on its statute of limitations defense. DIBC attached a January 28, 2008 Business Consultant Agreement Amendment between DIBC and SOS, which was purportedly the only contract to which DIBC was a signatory. DIBC argued that the latest SOS's action accrued was on October 31, 2009, when its agreement with SOS expired by its own terms. Accordingly, DIBC argued that SOS was required to bring suit no later than October 30, 2013, when the limitations period expired.

---

[2] The City also answered suit and brought a counterclaim for declaratory relief. It then filed a motion to dismiss for lack of jurisdiction arguing that the agreements were void based on the Texas Constitution's prohibition against unfunded debts. *See* TEX. CONST. art. XI, §§ 5, 7.

3

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051; *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 786 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("The statute of limitations for breach-of-contract actions is four years from the date of accrual.").

SOS filed a combined response to the motions, which included a motion for continuance. SOS attached the following exhibits: (1) an undated and unexecuted contract labeled "draft" between SOS, the City, and appellees; (2) the affidavit of SOS's principal owner Ernesto Silva; (3) the August 13, 2018 termination notice to SOS from the City; and (4) the affidavit of SOS's counsel in support of the motion for continuance.

SOS alleged that it reached an agreement with the City and appellees on March 29, 2017, as evidenced by the draft agreement, that obligated appellees to "pay sums due and owing [SOS] based on a payment plan." SOS maintained that it completed the services entitling it to payment and that appellees breached the contract by notifying SOS "they were no longer going to pay the sums due under the contract." In response to DIBC's traditional summary judgment motion, SOS argued that it timely filed suit because DIBC breached the March 29, 2017 contract on August 13, 2018. SOS alternatively requested that the trial court continue the submission date, arguing that it needed "additional time to obtain minutes of meetings and audits of" the City and appellees. SOS maintained that the evidence was material to showing the existence of a contract with appellees.

Subsequently, on the parties' agreed motion, the trial court extended the submission deadline from March 30, 2020, to April 6, 2020, because appellees did not receive service of SOS's summary judgment response.

Appellees filed a reply to SOS's response, arguing SOS failed to establish the essential elements of its breach of contract claim. Appellees noted that the unsigned draft agreement contained no signature block for appellees, was not executed, and was not supported by consideration. Appellees further argued that Silva's affidavit, which discussed his dealings with the City, contained no allegation "of any action by any [appellees] that would support the existence of a valid, enforceable agreement with [SOS]." Appellees also maintained that the agreement violated the statute of frauds because it could not be performed within one year. *See* TEX. BUS. & COMM. CODE ANN. § 26.01(b)(6). Finally, appellees argued that SOS presented no evidence that appellees, as opposed to the City, breached the contract. DIBC, in particular, argued that SOS failed to present any evidence creating a fact issue as to the application of its limitations defense.

Appellees opposed SOS's motion for continuance. They noted that SOS knew of appellees' defenses to suit no later than October 2019, when they served their response to SOS's request for disclosures. Yet, SOS did not serve further discovery until March 4, 2020, after appellees filed their motion for summary judgment, which appellees believed evidenced a lack of diligence in obtaining discovery.

The trial court signed an order granting appellees' motions for summary judgment.[3] It did not explicitly rule on SOS's motion for continuance. The trial court noted that SOS's claims against the City remained on the docket for a May 26, 2020 trial setting. Over SOS's objection, the trial court later granted appellees' motion to sever SOS's claims

---

[3] The trial court denied the City's motion to dismiss for lack of jurisdiction in the same order.

against them and entered a final take-nothing judgment in the severed cause of action. This appeal followed.

## II.    SEVERANCE

By its first issue, SOS argues that the trial court erred in granting appellees' motion to sever. Specifically, SOS maintains that it is bringing an "indivisible cause of action involving . . . the same facts, and the same legal issues, none of which could be independently urged as separate claims[.]"

### A.    Standard of Review & Applicable Law

Texas Rule of Civil Procedure 41 provides that "[a]ny claim against a party may be severed and proceeded with separately." TEX. R. CIV. P. 41.

A claim is properly severable

> if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues.

*Dorsey v. Raval*, 480 S.W.3d 10, 15 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.) (quoting *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007)). "[A]voiding prejudice, doing justice, and increasing convenience are the controlling reasons to allow a severance." *Duenez*, 237 S.W.3d at 693. We review a trial court's order severing a claim under an abuse of discretion standard. *Id.*

### B.    Analysis

SOS's claims against appellees no doubt involve some of the same facts and issues as its claims against the City. However, at the time the trial court granted severance, SOS's claims against appellees had been dismissed by summary judgment,

6

while SOS's claims against the City remained pending. "The [Texas] Supreme Court has recognized that severance after summary judgment in an effort to expedite appellate review is not an abuse of discretion." *Garcia v. Willman*, 4 S.W.3d 307, 311–12 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.) (citing *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 525–26 (Tex. 1982)); *see also In re Zaraienh*, No. 13-16-00465-CV, 2018 WL 4000400, at *6 (Tex. App.—Corpus Christi–Edinburg June 6, 2018, orig. proceeding) (per curiam) (mem. op.) (explaining that a trial court does not abuse its discretion in severing a claim "for purposes of enabling the parties to expedite appellate review of a partial summary judgment"). We conclude that severance was not an abuse of discretion because the claims against appellees, unlike the claims against the City, had already been disposed of by summary judgment. *See Garcia*, 4 S.W.3d at 312 (noting that, "[b]y granting the severance, the judgment became final and appealable, thereby allowing Garcia the benefit of this appeal"); *see also Cherokee Water Co.*, 641 S.W.2d at 526. We overrule SOS's first issue.

### III.  CONTINUANCE

By its second issue, SOS argues that the trial court erred "in implicitly denying [SOS's] motion for continuance." SOS maintains that it established the need for "more time in order to conduct additional discovery to adequately respond to some of the allegations raised by [a]ppellees' summary judgment motion."

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely motion with sufficient specificity, the trial court expressly or implicitly ruled on the motion or refused to rule on the motion, and the

complaining party objected to the refusal. TEX. R. APP. P. 33.1(a). SOS asserts that the trial court implicitly denied its motion for continuance when it granted appellees' motion for summary judgment. *See Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 114–15 (Tex. App.—Waco 1999, no pet.) (holding that trial court implicitly overruled motion for continuance by granting summary judgment where an inference could be made given the continuance had been unlikely abandoned, filed only two days before the hearing). We disagree*.*

Merely filing a motion is not sufficient to preserve an error; the movant must bring the motion to the trial court's attention, thereby giving the court an opportunity to rule on the motion*. In re Purported Lien or Claim Against Collin Cty. Clerk Taylor*, 219 S.W.3d 620, 623 (Tex. App.—Dallas 2007, pet. denied); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see also Alikhan v. Alikhan*, No. 03-19-00515-CV, 2021 WL 3085844, at *4 (Tex. App.—Austin July 22, 2021, pet. denied) (mem. op.) (explaining that "an essential element of an implicit ruling is awareness by the trial judge of the request or motion that is supposedly being ruled on") (quotations and alterations omitted). Here, we cannot conclude that the trial court implicitly denied the motion for continuance because there is no indication in the record that SOS brought the motion to the trial court's attention. *See Gonerway v. Corrs. Corp. of Am.*, 442 S.W.3d 443, 446 (Tex. App.—Dallas 2013, no pet.) (holding appellant failed to preserve complaint concerning trial court's denial of her motion for continuance where "record does not show the trial court ruled on the motion," "record does not show [appellant] called her motion to

the attention of the trial court," and "even if the trial court refused to rule on [appellant's] motion, which is not reflected in the record, there is nothing in the record to show [appellant] objected to such a refusal"); *see also Wulchin Land, L.L.C. v. Ellis*, No. 13-18-00156-CV, 2020 WL 1303230, at *11 (Tex. App.—Corpus Christi–Edinburg Mar. 19, 2020, pet. denied) (mem. op.) (holding that the trial court did not implicitly overrule the motion for continuance where appellant did not bring the motion to the trial court's attention). Likewise, the record does not show that the trial court refused to rule on the motion or that SOS objected to that refusal. As a result, we conclude that this issue has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1(a). We overrule SOS's second issue.

## IV. SUMMARY JUDGMENT

By its third issue, SOS argues that the trial court erred in granting summary judgment on either no-evidence or traditional grounds.

### A. Standard of Review & Applicable Law

"We review a trial court's summary judgment de novo." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019). We consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Id*. To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact as to at least one essential element of the nonmovant's cause of action and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If a movant meets this burden, then the burden shifts to the non-movant to present evidence raising a

9

genuine issue of material fact. *Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 302 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 744 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.).

After an adequate time for discovery, a party may file a "no-evidence" motion for summary judgment asserting there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). "A no-evidence motion for summary judgment immediately shifts the burden to the nonmovant." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 514 (Tex. 2022). To defeat a no-evidence motion for summary judgment, the nonmovant must raise a genuine issue of material fact as to each challenged element of a claim or defense. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The nonmovant can meet its burden in response to either a no-evidence or traditional summary judgment motion if its evidence is more than a scintilla, i.e., it "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

"If a party moves for summary judgment on both traditional and no-evidence grounds, as the parties did here, we first consider the no-evidence motion." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citing *Ford Motor Co.*, 135 S.W.3d at 600). Because the trial court did not specify the basis for the ruling, we must affirm the judgment if any theory advanced in the motion is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). But we may not affirm the judgment on grounds not raised in the motion or response. *Henkel v. Norman*, 441 S.W.3d 249, 251

n.1 (Tex. 2014) (per curiam) (quoting *Stiles v. Res. Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[W]e hold that a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response.")).

The elements of a breach of contract claim are: (1) a valid contract, (2) the party suing to enforce the contract performed or tendered performance, (3) the other party breached the contract, and (4) the suing party was damaged as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018); *Thornton v. Dobbs*, 355 S.W.3d 312, 316 (Tex. App.—Dallas 2011, no pet.).

## B.    Analysis

SOS first argues that it met its burden to produce more than a scintilla of evidence on each of its breach-of-contract elements in response to appellees' no-evidence challenge. On appeal, SOS relies on documents attached to its pleadings as well as the items attached to its response to appellees' motion for summary judgment.

We observe that SOS did not rely on or reference the documents attached to its petition in its summary-judgment response. Rather, it solely relied on an agreement purportedly entered into on March 29, 2017, Silva's affidavit testimony, and the City's notice of termination. "A party must expressly and specifically identify the supporting evidence on file that it seeks the trial court to consider in a summary judgment motion or a response to a summary judgment motion." *Speck v. First Evangelical Lutheran Church of Hous.*, 235 S.W.3d 811, 816 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A party "may not obtain a reversal of a no-evidence summary-judgment motion based on evidence attached to items filed in the trial court other than a summary-judgment

11

response, unless [it] identified the evidence purportedly raising a genuine fact issue in a summary-judgment response." *Stettner v. Lewis & Maese Auction, LLC*, 611 S.W.3d 102, 109 (Tex. App.—Houston [14th Dist.] 2020, no pet.). In addition, "[p]leadings are not competent summary judgment evidence, even if sworn or verified." *Heirs of Del Real v. Eason*, 374 S.W.3d 483, 487–88 (Tex. App.—Eastland 2012, no pet.) (citing *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995)). Likewise, unverified documents attached to pleadings are not proper summary judgment evidence. *See* TEX. R. CIV. P. 166a(f); *Eason*, 374 S.W.3d at 488. We thus limit our review to the documents referenced in the response.

We first examine whether SOS presented evidence of a valid contract with appellees. To establish a valid, enforceable contract, the following elements must be shown: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds on the essential term—or mutual assent; (4) consent to the terms; and (5) execution and delivery of the contract. *E-Learning LLC v. AT&T Corp.*, 517 S.W.3d 849, 858 (Tex. App.—San Antonio 2017, no pet.).

In its response, SOS relied on an unexecuted draft agreement, titled "Amended Payment Agreement for Services Rendered," as evidence of a valid contract. The agreement is purportedly between SOS and the City, as well as the appellees. In his affidavit, Silva states that the Donna City Commission approved the agreement on March 29, 2017. The agreement does not bear a signature block for any appellee. It contemplates the signatures of the City's manager, attorney, and secretary, as well as Silva.

12

Mutual assent, in the case of a written contract, is generally evidenced by the signatures of the parties and delivery with the intent to bind. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam). "But while signature and delivery are often evidence of the mutual assent required for a contract, they are not essential." *Phillips v. Carlton Energy Grp., LLC*, 475 S.W.3d 265, 277 (Tex. 2015). "Texas law recognizes that a contract need not be signed to be 'executed' unless the parties explicitly require signatures as a condition of mutual assent." *Id.* (quoting *Mid-Continent Cas. Co. v. Glob. Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010) (per curiam)). "If a written draft of an agreement is prepared, submitted to both parties, and each of them expresses his unconditional assent thereto, there is a written contract." *Id.*

Evidence that the City commission approved the contract may be relevant to whether the City mutually assented to the agreement, an issue that is not before us. *See City of Houston v. Clear Channel Outdoor, Inc.*, 233 S.W.3d 441, 446 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (concluding that contract document and City Council's passage of accompanying motion constituted "the last step needed to complete the written contract between the parties"); *but see S. Disposal, Inc. v. City of Blossom*, 165 S.W.3d 887, 893 (Tex. App.—Texarkana 2005, no pet.) ("The proof of the governing body's acts may be supplied only by the authenticated minutes of the meeting at which the action occurred, unless the minutes have been lost or destroyed."). However, such evidence has no bearing as to whether *appellees*[4] took any separate action mutually

---

[4] "[E]conomic development corporations [are] nonprofit corporate entities with 'the powers, privileges, and functions of a nonprofit corporation[.]" *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 745 (Tex. 2019) (quoting TEX. LOC. GOV'T CODE ANN. §§ 501.053–.054.). "'All of the powers of [the] corporation are vested in' the corporation's board of directors." *Id.* (quoting TEX. LOC. GOV'T

assenting to the terms of the agreement. SOS provides no evidence of any action by appellees which would demonstrate that they mutually assented to the terms of the agreement. *See Wright v. Hernandez*, 469 S.W.3d 744, 760 (Tex. App.—El Paso 2015, no pet.) ("[A] parties' [sic] intent to be bound by a contract may be evidenced by its conduct at the time a contract is drafted and by its subsequent conduct reflecting that it was acting in accordance with the terms of the contract."). Indeed, the supposed termination of the agreement was accomplished by a letter from the City's manager issued on City letterhead. Therefore, we conclude that SOS has failed to present evidence of a valid contract with appellees, an essential element of its claim. *See Menchaca*, 545 S.W.3d at 501 n.21. As such, the trial court properly granted appellees' no-evidence motion for summary judgment. *See City of Rowlett*, 593 S.W.3d at 181. Given this conclusion, we need not address whether DIBC was entitled to traditional summary judgment on its limitations defense. *See* TEX. R. APP. P. 47.1. We overrule SOS's third issue.

## V. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
17th day of November, 2022.

---

CODE ANN. § 501.062(a)).

14