

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-26-00058-CV

ETHAN ALLEN-SCOTT MITCHELL, APPELLANT

V.

HAYLEY ELLEN MITCHELL, APPELLEE

On Appeal from the 481st District Court
Denton County, Texas[1]
Trial Court No. 24-11035-481, Honorable Crystal Levonius, Presiding

May 19, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellant Ethan Allen-Scott Mitchell appeals a final decree of divorce from Appellee Hayley Ellen Mitchell. As his sole issue, he complains the trial court abused its discretion when it denied him an evidentiary hearing on his motion to set aside the mediated settlement agreement (MSA). We affirm.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

## BACKGROUND

Ethan and Hayley were married in April 2013. They had three children during their marriage. Ethan filed for divorce in November 2024. In May 2025, the parties signed an MSA. Two months later, Ethan filed a motion to set aside the MSA, alleging fraud, duress, and coercion.

Several motions were filed, and the court held a hearing on September 11, 2025. The trial court heard Ethan's motion to set aside the MSA during this hearing. After considering the arguments of counsel, the court determined it was unnecessary to hear additional evidence and denied Ethan's motion to set aside the MSA. The trial court then entered the Final Decree of Divorce and decided other issues, including attorney's fees and sanctions ordered against Ethan and his attorney.

On the same day, the trial court also struck the pleadings of Ethan's counsel due to counsel's ineligibility to practice law at that time.[2] Ethan, through a new attorney, later filed a motion for new trial, raising, among things, his complaints that the MSA was secured through fraud, duress, and coercion. That motion was overruled by operation of law. On December 1, 2025, the court filed findings of fact and conclusions of law.

## ANALYSIS

By his sole issue, Ethan argues the trial court abused its discretion by denying him an evidentiary hearing on his motion to set aside the MSA. He claims the trial court

---

[2] Another attorney represented Ethan at the time the MSA was signed. At the September 11, 2025 hearing, Ethan was represented by two attorneys, only one of whom was ineligible to practice at that time.

erroneously reached this conclusion because it believed compliance with section 6.602 of the Texas Family Code foreclosed consideration of Ethan's allegations that the agreement was procured by fraud, duress, or coercion. We disagree.

Mediated settlement agreements are binding in suits affecting both the parent-child relationship and marital property. *Emami v. Emami*, No. 02-21-00319-V, 2022 Tex. App. LEXIS 5840, at *11–12 (Tex. App.—Fort Worth Aug. 11, 2022, no pet.) (mem. op.) (citations omitted). If it does, then the parties are entitled to a judgment that conforms to their agreement. *Milner v. Milner*, 361 S.W.3d 615, 618–19 (Tex. 2012). *See also In re Torres,* 688 S.W.3d 359, 366 (Tex. App.— Dallas 2024, orig. proceeding). But, a court is not required to enforce a mediated settlement agreement if it is "illegal in nature or procured by fraud, duress, coercion, or other dishonest means." *Emami*, 2022 Tex. App. LEXIS 5840, at *12–13.

Generally, trial courts have discretion in determining whether to hold an evidentiary hearing to set aside an MSA. Such hearings may be necessary when allegations of fraud, duress, coercion, nondisclosure, or other misconduct are raised. *Boyd v. Boyd*, 67 S.W.3d 398, 403 (Tex. App.—Fort Worth 2002, no pet.). In short, the binding nature of an MSA under section 6.602 does not completely prohibit challenges based on these grounds, and courts must weigh the statutory framework with principles of due process and fairness. *Id*. at 404–05; *Morse v. Morse*, 349 S.W.3d 55, 56 (Tex. App.—El Paso 2010, no pet.).

To preserve error for appellate review, a party must make a timely request to the trial court that sets forth the grounds for the ruling sought "with sufficient specificity to

make the trial court aware of the complaint, unless the specific grounds were apparent from the context" and obtain a ruling. TEX. R. APP. P. 33.1; *Thota v. Young*, 366 S.W.3d 678, 689 (Tex. 2012).

Here, Ethan does not dispute that the MSA satisfied the requisites of section 6.602. Rather, he argues the trial court erred in failing to hold an evidentiary hearing on his motion to set aside the MSA. He contends he raised and preserved the issue for our review via his motions, attached affidavits, and the record. He claims he raised with the trial court allegations that the MSA was procured through threats, coercion, extortion, concealment, and fraudulent misrepresentations by Hayley's counsel.

Hayley argues Ethan failed to raise and preserve this issue with the trial court. She notes Ethan was not sworn as a witness, nor did his attorney argue the grounds set forth in the motion to set aside the MSA. Rather, at the hearing, counsel argued the MSA should be set aside in the children's best interest and due to changing circumstances. However, an MSA may not be set aside on these grounds. *See In re Lee*, 411 S.W.3d 445, 450 (Tex. 2013) (setting aside an MSA based on a best-interest determination, when the MSA meets the statutory requirement is improper). *See* TEX. FAM. CODE. § 156.101 (providing for modification of order if circumstances have materially and substantially changed but not providing for same to be grounds upon which an MSA may be set aside).

The court held a hearing on September 11, 2025, to address the motion to set aside the MSA as well as other motions. Regarding the motion to set aside the MSA, the court stated it would "begin with argument, and then [it] will make a determination as to whether or not we need to move with testimony." Therefore, despite Ethan's assertions

4

to the contrary, this statement indicates the trial court clearly understood that an evidentiary hearing concerning a section 6.602 agreement could be held under some circumstances.

Then, the court heard argument, which included allegations that could require an evidentiary hearing on the motion to set aside the MSA. The court then asked whether the requirements of section 6.602 were met. Counsel conceded that they were "at the time [the MSA] was signed." Counsel went on to argue that there were subsequent material and substantial changes that could result in modification of orders in place. The court noted, however, that those changes did not affect the MSA, concluding it was not necessary to conduct an evidentiary hearing on the motion to set aside the MSA.

Ethan did not object at that time, nor did he seek the trial court's permission to call witnesses or offer other evidence to show his entitlement to an evidentiary hearing concerning his motion to set aside the MSA. *Dinkins v. Calhoun*, No. 02-17-00081-CV, 2018 Tex. App. LEXIS 3519, at *11 (Tex. App.—Fort Worth May 17, 2018, no pet.) (mem. op.) (citing *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 204 (Tex. App.— Dallas 2011, no pet.)). He certainly did not illustrate to the trial court what evidence he had establishing fraud, duress, coercion, or the like. In sum, Ethan failed to produce any evidence or make an offer of proof establishing that the MSA was procured through means such that an evidentiary hearing was required.

Furthermore, after the trial court made its decision on the evidentiary hearing, it moved to discussion of the final decree of divorce. Hayley requested entry of the MSA into evidence. Ethan again did not raise any complaint concerning the MSA. And, when

5

the trial court asked whether anyone objected to releasing witnesses, Ethan's counsel answered, "No, Your Honor" and did not object or otherwise bring to the attention of the trial court his complaints concerning duress, fraud, or coercion in securing the MSA such that an evidentiary hearing was necessary. Nor did Ethan raise any objection on this point for the remaining portions of the hearing.

While Ethan argues he preserved error concerning the trial court's denial of his request for a hearing by filing his motion to set aside the MSA along with attachments, we disagree. Simply "[s]howing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling." *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, no pet.); *accord In re Purported Lien or Claim Against Collin Cty. Clerk Taylor*, 219 S.W.3d 620, 623 (Tex. App.—Dallas 2007, pet. denied); *In re Expunction of J.A.L.*, 630 S.W.3d 249, 251–52 (Tex. App.—El Paso 2020, no pet.) ("Merely filing a document that raises a complaint, however, does not preserve error; the party must bring the complaint to the trial court's attention during court proceedings and request a ruling."). Ethan did not do so here.[3] We overrule Ethan's sole issue.

---

[3] We do note Ethan filed a motion for new trial with his affidavit attached, arguing the MSA should have been set aside due to fraud, duress, or coercion. He did not, however, argue in that motion that the trial court erred in failing to hold an evidentiary hearing on his motion to set aside the MSA. He only argued that there was sufficient evidence that required the trial court to set aside the MSA. Even if he had, the only evidence he had of the alleged duress, fraud, or coercion was his own affidavit. An affidavit is generally inadmissible hearsay and incompetent evidence unless the affiant testifies and is subject to cross-examination. TEX. R. EVID. 801, 802. The trial court would have been within its discretion to conclude that affidavit did not raise evidence sufficient to warrant holding an evidentiary hearing. Moreover, he did not request a hearing on his motion for new trial. "When a hearing is required to delve into a question of fact, it is the movant's burden to request the hearing and to not allow the motion to be overruled by operation of law." *Goesling v. Am. Arlines, Inc.*, No. 02-22-00338-CV, 2023 Tex. App. LEXIS 8178, at *35–36 (Tex. App.—Fort Worth Oct. 26, 2023, pet. denied) (mem. op.). Therefore, Ethan did not explicitly complain of the trial court's conclusion that an evidentiary hearing was unnecessary.

**CONCLUSION**

Having overruled Appellant's sole issue, we affirm the trial court's judgment. Because we have disposed of the merits of his appeal, we also deny Appellant's pending motion for emergency relief.


Laura A. W. Pratt
Justice